The State *v.* Ellis.

## THE STATE *v.* S. M. ELLIS.

CRIMINAL LAW.    *Costs not allowed the district attorney on striking from docket. When.* Where a misdemeanor case has been stricken from the docket and placed upon the retired docket for any reason, such as the defendant could not be found, &c., the district attorney is not entitled to a fee of $2.50 to be taxed against the county.

Code cited: Secs. 5193, 4517–42, 5585–6.

### FROM SHELBY.

Appeal from the Criminal Court.    JNO. R. FLIPPIN, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

W. W. McDOWELL for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

In this case, which was a prosecution for a misdemeanor, after two *capiases* had been returned "not to be found," the district attorney moved to strike

the case from the trial docket and place it on the retired docket. This motion was granted, and the clerk of the court was ordered to certify the costs to the County Court of Shelby county for payment; thereupon, the district attorney moved the court for a tax fee of $2.50 to be included in the bill of costs, which motion was overruled. From this ruling of the court the district attorney has appealed to this court.

The district attorney claims the fee in this case under sec. 5193 of the Code, which is as follows:

"When a *capias* has been returned, not to be found, and, in felony cases, when, before or after conviction, the defendant breaks jail, or forfeits his bond for appearance, the court may strike the cause from the docket, and give judgment against the State for such costs as the State is bound to pay in case of *nolle prosequi* or acquittal of the defendant."

It is contended for the district attorney that this section authorizes the court to strike from the docket all criminal cases, whether misdemeanors or felonies, when a *capias* has been returned not to be found; and, in felony cases, causes may be in like manner stricken off when, before or after conviction, the defendant breaks jail or forfeits his recognizance for appearance.

We think this construction of the section is obviously correct. Cases so stricken from the trial docket are not thereby discontinued or finally disposed of, but are retired, subject to be reinstated whenever it becomes proper.

It is next contended for the district attorney, that whenever causes are thus retired he is entitled to have a tax fee allowed—in the cases of misdemeanors he claims a fee of $2.50, and in felony cases retired he claims a fee of $3.00—because, by the statute fixing the fees of district attorneys, they are entitled to $2.50 in cases of acquittal of misdemeanors, and in cases of *nolle prosequi* he is entitled to a fee of $3.00.

The language of the Code is, that when the cases specified are stricken from the docket the court shall "give judgment against the State for such costs as the State is bound to pay in case of *nolle prosequi* or acquittal of the defendant." It is insisted that the "costs" here referred to include the fees of district attorneys as well as of clerks, sheriffs, &c. Fees in criminal cases to officers must be expressly provided for by law, otherwise the officers are not entitled to them: Code, sec. 5561. And by sec. 4517, "no officer is allowed to demand or receive fees or other compensation for any service further than is expressly provided by law." The fees of district attorneys are enumerated and specified in sec. 4542. In the schedule contained in this section there is no fee specified for services in cases stricken from the docket and retired. In sec. 5193, which provides for retiring cases, there is no specification of the costs intended thereby to be allowed against the State. They are described as "such costs as the State is bound to pay in case of *nolle prosequi* or acquittal of the defendant." Whatever costs, therefore, the State is bound to pay in case of *nolle prosequi* or acquittal, are expressly provided

for, and are to be taxed in the bill of costs in cases placed on the retired docket. By sec. 5585, the cases are enumerated in which the State or the county is to pay the costs accrued on behalf of the State; and by secs. 5586 and 5587, it is provided that in prosecutions punishable with death or by confinement in the penitentiary, under the foregoing section, the costs shall be paid by the State, and similar costs for offenses punishable in any other way shall be paid by the county. When a case is retired, therefore, under sec. 5193, those costs only can be adjudged against the State which are chargeable against the State under secs. 5585 and 5586, to-wit, those chargeable against the State in prosecutions for offenses punishable with death or with imprisonment in the penitentiary. If the Legislature intended to make the county chargeable with costs in cases of misdemeanor under sec. 5193, they have been so unsuccessful in expressing their intention, that it can be evolved only by a course of strained interpretation of their language, which we are positively forbidden to resort to in determining the costs to which officers are entitled. Whether the district attorneys are entitled to any fees to be taxed against the State when cases are retired under sec. 5193, and if any, what fees, are questions not involved in the case before us, and therefore cannot be properly determined. All we now decide is, that they are not entitled to have a tax fee of $2.50 taxed against the county in such cases. The Criminal Judge so held, and we affirm his judgment.